Filed 10/7/14  Schneider National v. Ellis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCHNEIDER NATIONAL, INC. et al., | |
| Plaintiffs and Respondents, | G049552 |
| v. | (Super. Ct. No. CIVDS906308) |
| WALTER L. ELLIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of San Bernardino County, John M. Pacheco, Judge.  Motion to dismiss appeal granted.  Appeal dismissed.

Walter L. Ellis, in pro. per, for Defendant and Appellant.

Tharpe & Howell, David S. Binder and Lala Kahramanian for Plaintiffs and Respondents.

\*         \*         \*

THE COURT:*

We dismiss defendant's appeal on the ground it is moot.

BACKROUND

Plaintiffs and respondents Schneider National, Inc. (Schneider) and Jeff Ames (Ames) each obtained a default judgment against defendant and appellant Walter Ellis.  Ellis moved unsuccessfully under Code of Civil Procedure section 473, subdivision (b) to vacate the default judgments for mistake and excusable neglect.  (All further statutory references are to the Code of Civil Procedure.)  Ellis filed an appeal (the prior appeal) from the order denying the motion to vacate, as well as from the default judgments and other orders.  Among the orders Ellis challenged in the prior appeal was the trial court's denial of Ellis's motion to disqualify the trial judge for bias pursuant to section 170.6.  The trial court had concluded the peremptory challenge was untimely.

Division Two of this court dismissed on various grounds the bulk of the prior appeal, including the appeal from the denial of the peremptory challenge.  The dismissal order specifically noted an order denying a peremptory challenge "is not appealable and may be reviewed only by timely petition for writ of mandate.  (Code Civ. Proc., § 170.3, subd. (d); *People v. Webb* (1993) 6 Cal.4th 494, 522-523.)"  Significantly, Ellis had not sought writ review of the order denying the peremptory challenge.  Division Two allowed the prior appeal to proceed as to one order:  the denial of the motion to vacate the default judgments.

Following transfer of the prior appeal to Division Three, and while the prior appeal was pending, Ellis filed a new trial court motion to vacate the default judgments. The premise of this second motion to vacate was that the peremptory challenge had been timely filed, rendering all subsequent trial court orders and judgments void and subject to

_____

*      Before Rylaarsdam, Acting, P.J., Moore, J., and Fybel, J.

2

being set aside at any time.

The trial court denied this second motion to vacate the default judgments. Ellis promptly filed the instant appeal from that order.

Schneider and Ames filed a motion to dismiss the instant appeal on numerous grounds, including mootness. Schneider and Ames also requested sanctions against Ellis for filing a frivolous appeal.

A few weeks later, a panel of this court issued its decision in the prior appeal, essentially reversing in part and affirming in part the order denying Ellis's motion to vacate the default judgments. The decision reversed the order denying the motion to vacate the default judgment for Schneider and remanded the matter to the trial court with directions to modify that default judgment by striking its award of compensatory and punitive damages to Schneider, but leaving "undisturbed" its grant of injunctive relief. The decision affirmed the order denying Ellis's motion to vacate the default judgment for Ames.

Ellis subsequently filed a late opposition to the motion to dismiss the instant appeal and the request for sanctions. Ellis's primary argument in opposition was that Ellis's failure to seek timely writ review of the order denying the peremptory challenge was "not fatal to this appeal" because void trial court orders "can be set aside at any time." Ellis's argument was premised on his stubborn insistence the peremptory challenge had been timely filed.

DISCUSSION

This appeal is moot because it seeks a determination barred by principles of res judicata. In the prior appeal, Ellis contested the trial court's ruling his peremptory challenge was invalid because untimely filed. Division Two of this court dismissed the appeal from that ruling on jurisdictional grounds, stating such an order is nonappealable and can only be challenged by timely petition for a writ of mandate. (§ 170.3, subd. (d).) Consequently, Ellis's failure to seek writ review within the statutory period left the order

3

intact and unassailable. As a final determination of the issue on the merits, it is binding on the parties in all subsequent proceedings. (See *People v. Barragan* (2004) 32 Cal. 4th 236, 252.)

It is also worth noting this court's opinion in the prior appeal confirmed the trial court's jurisdiction to preside over the case. In other words, this court has implicitly rejected the premise of the instant appeal: that all orders and default judgments issued by the trial court are void because issued after a timely peremptory challenge. Consequently, Ellis cannot possibly prevail in the instant appeal premised on the validity of the peremptory challenge and the resulting voidness of all successive orders and judgments.

Appellate courts do not review questions that are moot. (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 ["'When no effective relief can be granted, an appeal is moot and will be dismissed'"].) We dismiss this appeal because Ellis cannot obtain the relief he seeks.

### DISPOSITION

The appeal is dismissed. The request for sanctions is denied. Costs on appeal are awarded to Schneider and Ames.